IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Ryan J. Barnes (R-44872), | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 18 CV 50014 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Officer Altizer, et al., | ) | |
| Defendants. | ) | |

## ORDER

The court denies plaintiff's motion for leave to proceed *in forma pauperis* [4] for "fraud" and summarily dismisses the complaint with prejudice in view of plaintiff's failure to advise the court that he is barred from filing suit until he has paid outstanding fees. The case is terminated. The court directs the Clerk of Court to enter final judgment. Plaintiff's motion for attorney representation [3] is denied as moot. Having brought this action, plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, plaintiff must pay any outstanding fees. The court authorizes and orders the trust fund officer at plaintiff's place of incarceration to begin making monthly deductions in accordance with this order until the $400 filing fee is paid in full. The court directs the Clerk of Court to mail a copy of this order to the trust fund office at the Dixon Correctional Center.

## STATEMENT

Plaintiff Ryan Barnes, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seems to claim that defendants, officials at the Dixon Correctional Center, violated the constitutional rights of a fellow inmate by acting with deliberate indifference to his serious mental health needs. Plaintiff evidently blames correctional officials for failing to prevent the other prisoner's suicide. Currently before the court is plaintiff's application to proceed *in forma pauperis*. For the reasons discussed in this order, the motion is denied.

A review of plaintiff's litigation history reveals that he is currently prohibited from seeking leave to proceed *in forma pauperis* due to outstanding filing fees. In connection with at least two of plaintiff's prior lawsuits in the Northern District, the courts admonished him that failure to pay accrued filing fees would preclude his proceeding *in forma pauperis* in future cases. *See Barnes v. Illinois*, No. 10 CV 0762 (N.D. Ill.) [10], Order of June 1, 2010 (Kennelly, J.); *Barnes v. Kaupas*, No. 11 CV 1041 (N.D. Ill.) [10], Order of March 31, 2011 (Pallmeyer, J.).

Following those two warnings, the court denied plaintiff leave to proceed *in forma pauperis* in his next case. *See Barnes v. Taylor*, Case No. 11 CV 3976 (N.D. Ill.) [7], Order of June 22, 2011 (Pallmeyer, J.). The court held that plaintiff was "prohibited from seeking leave to proceed *in forma pauperis* until he pays the $700 in back fees to the Clerk of Court…." *Id.*, p. 2. The court gave plaintiff the opportunity either to (1) pay the filing fees in his three then-most recent cases, or (2) show cause why he could not pay the fees immediately. *Id.* The court ultimately dismissed that case when plaintiff failed to pay the $350

1

filing fee.  *See* [8], Order of August 1, 2011 (Pallmeyer, J.).  The court finds no order lifting the filing bar—or even requesting leave to resume filing lawsuits in the Northern District.

The court's Fiscal Department reflects no payments whatsoever in any of plaintiff's cases in the ensuing six and a half years.  In fact, in at least two of plaintiff's earlier cases in this district, the courts seem to have neglected to order the collection of filing fees.  *See, e.g., Barnes v. Kaupas*, Case No. 10 CV 1184 (N.D. Ill.); and *Barnes v. Will County*, Case No. 14 CV 2275 (N.D. Ill.).  But as plaintiff has been advised time and again, he remains obligated to pay the full filing fees in all of his cases, irrespective of their dismissal.  *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action … the prisoner shall be required to pay the full amount of a filing fee"); *Taylor v. Brown*, 787 F.3d 851, 858 n.8 (7th Cir. 2015) (same);  *Durr v. Cty. of Cook*, No. 17 CV 50015, 2017 WL 1545642, at *1 (N.D. Ill. Apr. 28, 2017) (Kapala, J.) (same).  Plaintiff cannot reasonably claim ignorance of this requirement given repeated court admonishments concerning payment requirements.

Notwithstanding his knowledge that he is ineligible for *in forma pauperis* status, plaintiff has sought leave to proceed *in forma pauperis* in this matter, and without disclosing the filing bar to this court. Consequently, this suit must be dismissed both for nonpayment and as a sanction for misconduct.  *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment....") (citing *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007)); *see also Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("fraud" on the court must "lead to immediate termination of the suit").  Moreover, because the courts have already warned plaintiff about the filing bar, this court need not give him extra time either to pay the statutory filing fee or to establish his indigence.  *Sloan*, 181 F.3d at 859.

The court's general approach, which would be to determine a prisoner's responsibility for nonpayment before dismissing the case, *see Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014), is not appropriate under the circumstances of this case.  Plaintiff's IFP application reflects multiple purchases at the prison commissary.  "Prisoners who insist on both filing []suits and spending their income as fast as they receive it" will find court options closed to them.  *Lewis v. Sullivan*, 279 F.3d 526, 530-31 (7th Cir. 2002); *see also Merritte v. Templeton*, 493 F. App'x 782, 784-85 (7th Cir. 2012) (affirming district court's denial of IFP status where plaintiff elected to spend his income in the prison canteen rather than on the filing fee) (citing *Roller v. Gunn,* 107 F.3d 227, 233 (4th Cir. 1997) ("If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor") (internal quotation marks omitted)).  Having filed at least eleven lawsuits, plaintiff should have been paying 100% of his income to the courts.  *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016).  Plaintiff cannot ignore his payment obligations and then seek IFP status, particularly after receiving warnings about his commitments.

For the foregoing reasons, the court denies plaintiff's application for leave to proceed *in forma pauperis* and summarily dismisses the complaint with prejudice for "fraud."  The case is terminated.  The court directs the Clerk of Court to enter final judgment.  But again, having brought this action, plaintiff remains obligated to pay the full $400 filing fee.  *See* 28 U.S.C. § 1915(b)(1).  Before pursuing any future litigation, plaintiff must pay any outstanding fees. To that end, the court authorizes plaintiff's trust fund officer to begin collecting—and remitting to the Clerk of Court—twenty percent of any money plaintiff receives for each calendar month during which he receives $10.00 or more, until the $400 filing fee is paid in full.  The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full.   All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

In view of the dismissal of this case for fraud and for nonpayment, the court has no occasion to consider such questions as whether plaintiff has standing to sue and/or whether this lawsuit is legally frivolous, as that standard is discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007).

If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the Court of Appeals should find the appeal to be non-meritorious, plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Id.* If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* FED. R. APP. P. 24(a)(1).

Plaintiff need not file a motion to reconsider this court's ruling to preserve his appellate rights. However, if plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

Date: 1/23/2018　　　　　　　　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　　　　　　*Philip G. Reinhard*
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

　　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to Mail Notices. (LC)